UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BILLY GARCIA LEMUS,

                    Plaintiff,

      -against-

RYOBI, and "John Does, Inc.,"
entities presently unknown, intended to
be distributors, suppliers, assemblers,
and repairers of the machine involved in
this matter, and THE HOME DEPOT, INC.

                 Defendants.
------------------------------------------------------------x

## 14 CV 2580

Civil Action No.:

### PETITION FOR REMOVAL

**JUDGE ROMAN**

TO:    The Judges of the United States District Court
        For the Southern District of New York

      **PLEASE TAKE NOTICE** that Defendant ONE WORLD TECHNOLOGIES, INC.

("ONE WORLD"), sued herein as, "RYOBI", hereby removes the above-entitled action from the

Supreme Court of the State of New York, County of Bronx to the United States District Court for

the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  In support of

this Notice of Removal, Defendant states, upon information and belief, as follows:

      1.     On or about December 14, 2012, Plaintiff filed a Summons and Verified

Complaint in the Supreme Court for the State of New York, County of Bronx, bearing Index

Number 309659/2012.  [See Exhibit A attached.]

2.      Plaintiff alleges in his complaint that, on or about August 26, 2010, and by was injured and suffered damage in the sum of ten million dollars ($10,000,000.00).

3.      OWT is the designer and manufacturer of "Ryobi" branded power tools, including the table saw identified in the Complaint.  OWT was served with plaintiff's Complaint for the first time when a copy was forwarded to its counsel by plaintiff's counsel via e-mail on April 7, 2013.  [See Exhibit B attached, the affidavit of Mark A. Rowe, General Counsel and Chief Compliance Officer of Techtronic Industries North America, Inc.]  The Home Depot, Inc. was served with plaintiff's Complaint for the first time when a copy was forwarded to its counsel by plaintiff's counsel via e-mail on April 7, 2013.  [See Exhibit C attached.]

4.      The District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there exists complete diversity of citizenship between the plaintiff and the defendants; to wit, plaintiff states in paragraph 1 of his Complaint [Exhibit A] that he is a resident of Rockland County, New York.  Home Depot is a Delaware corporation, with its principal place of business in Atlanta, Georgia.  [See attached Exhibit C.]  OWT is a Delaware corporation with its principal place of business in Anderson, South Carolina.   [See attached Exhibit B.]

5.      Upon information and belief, and based on the description of plaintiff's injuries contained in medical records provided to the undersigned by plaintiff's counsel, plaintiff incurred multiple amputation-like injuries to his right dominant hand.  [To protect plaintiff's

2

privacy, these medical records are not being filed herewith, but can be made available to the Court upon request.] Thus, the amount in controversy in this matter exceeds $75,000.

6.      Venue is proper in the United States District Court for the Southern District of New York, because the lawsuit was filed in Bronx County.

7.      OWT's request for removal is made within 30 days of service of the Summons and Verified Complaint. [See paragraph 3 above.]

8.      All defendants, in addition to OWT, have consented to the Removal of this matter. [See Exhibit C attached.]

9.      After the filing of this Notice of Removal in the United States District Court for the Southern District of New York, written notice of the filing of this Notice of Removal will be given by attorneys for OWT to Plaintiff's attorney at his last known address, and to all remaining defendants at their last known addresses, as provided by law, and copies of the Notice of Removal will be filed with the Clerk of the Supreme Court of New York, County of Bronx.

**WHEREFORE**, OWT hereby removes the above-entitled action from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated:      White Plains, New York
            April 11, 2014

3

Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

By: _____
ROSARIO M. VIGNALI, ESQ.
Attorneys for Defendant
OWT
1133 Westchester Avenue
White Plains, NY 10604-3407
(914) 872-7250


TO:     **GEORGE N. STATFELD, P.C. (via ECF)**
        Attorney for Plaintiff
        3 West 35th Street
        New York, NY 100001
        (212) 947-9166

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------
BILLY GARCIA LEMUS,

              Plaintiff,


        -against-


RYOBI, and "John Does, Inc.,"
entities presently unknown, intended to
be distributors, suppliers, assemblers,
and repairers of the machine involved in
this matter, and THE HOME DEPOT, INC.,

              Defendant(s).
----------------------------------------

Filed on: 1~/,4/,~
Index No: 3~9 65~/~

Plaintiff designates
BRONX COUNTY
as place of trial

**SUMMONS**

Basis of Venue:
Defendant's address

Plaintiff's residence
130 West Eckerson Road
Spring Valley, NY 10977

To the above named Defendant

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this
action and to serve a copy of your answer, of, if the complaint is
not served with this summons, to serve a notice of appearance, on
the Plaintiffs' Attorney within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after
the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of
your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint.

Dated:    New York, New York
        December 9, 2011

                        GEORGE N. STATFELD, P.C.
                        Attorney for Plaintiffs
                        3 West 35th Street
                        New York, New York 10001
                        (212) 947 - 9166

**DEFENDANT'S ADDRESS:**

RYOBI, c/o THE HOME DEPOT, INC., 1806 Gun Hill Road, Bronx, NY
10469

THE HOME DEPOT, INC., 1806 Gun Hill Road, Bronx, NY 10469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------X
BILLY GARCIA LEMUS,

                Plaintiff(s),

       -against-

RYOBI, and "John Does, Inc.,"
entities presently unknown, intended to
be distributors, suppliers, assemblers,'
and repairers of the machine involved
in this matter, and THE HOME DEPOT, INC.,


                Defendant(s).
------------------------------------X

Filed On: *12/14/14*
Index No.: *309655/14*

PLAINTIFF'S VERIFIED
COMPLAINT

    Plaintiff, by his attorney, GEORGE N. STATFELD, ESQ., upon information and belief, alleges:

### FIRST CAUSE OF ACTION

    1.    Plaintiff resides in the County of Rockland, City and State of New York.

    2.    Defendants are duly organized domestic and foreign corporations, and do business in New York State.

    3.    At all times herein mentioned the defendants were engaged in the business of manufacturing and distributing a table saw machine involved in this matter. A photo of which is annexed, forming part of this complaint.

    4.    That on or about August 26, 2010, the plaintiff was employed by KEREN CONSTRUCTION/DRYWALL EXPRESS, located at 9 South Remsen Street, Monsey, New York 10952.

5.    That on or about the 26th day of August 2010, the plaintiff was working with the said table saw, and was injured solely due to the negligence, carelessness and recklessness of the defendant herein, all to his damage in the sum TEN ($10,000,000.00) DOLLARS.

## SECOND CAUSE OF ACTION

6.    The defendants herein each in connection with their business activities aforementioned warranted and represented expressly and implied that their product was fit, capable and suitable for the use and purposes intended and that same was of merchantable quality and the same was safe, not dangerous and improper.

7.    Plaintiff was entitled to rely upon the warranty of merchantability and fitness for use.

8.    Defendants were in breach of express warranty.

9.    By reason of the foregoing, plaintiff has been damaged in the sum of TEN ($10,000,000.00) MILLION DOLLARS.

## THIRD CAUSE OF ACTION

10.    By reason of the foregoing, the defendants were in breach of implied warranty.

11.    By reason of the foregoing, the plaintiff has been damaged in the sum of TEN ($10,000,000.00) MILLION DOLLARS.

## FOURTH CAUSE OF ACTION

12.    Said product/machine was in a defective, unsafe and

- 2 -

hazardous condition and was defectively designed in a manner which was unnecessarily unsafe and dangerous to users and/or consumers.

13. Said defects and dangerous conditions were of a substantial factor in bringing about the plaintiff's injuries and were known or in the exercise of reasonable care should have been known to the defendants. Defendants' warnings were inadequate and THE HOME DEPOT, INC. was the exclusive distributer of RYOBI's products.

14. The product/machine was defective at the time of manufacture and/or distribution and are liable under strict liability.

15. By reason of the foregoing, defendant has become strictly liable in tort to the plaintiff, and has been damaged in the amount of TEN ($10,000,000.00) MILLION DOLLARS.

**WHEREFORE**, the plaintiff(s) demand judgment against the defendants as follows:

As and for the First Cause of Action and all other causes - TEN MILLION DOLLARS; together with interests, costs and disbursements on each and every cause of action.

Dated:  New York, New York

December 9, 2011            Yours, etc.,

*Geile Statfeld*

GEORGE N. STATFELD, ESQ.
Attorney for Plaintiff
3 West 35th Street

- 3 -

New York, New York 10001
(212) 947 - 9166

ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       )  SS:
COUNTY OF NEW YORK     )

GEORGE N. STATFELD, ESQ., an attorney duly admitted to practice law in the Courts of New York State, hereby affirms as true, under the penalty of perjury that your affirmant is the attorney for the plaintiff herein; that affirmant has read the foregoing SUMMONS AND COMPLAINT, and knows the contents thereof; that same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that those matters affirmant believes to be true. Affirmant further says that the reason this affirmation is made by affirmant and not by plaintiff is because plaintiff does not reside in the County wherein your affirmant maintains an office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: books, records, reports and documents contained in the file and/or conversations had with plaintiff.

Dated:    New York, New York
          December 9, 2011

                              _George N. Statfeld_
                              GEORGE N. STATFELD, ESQ.

- 5 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

BILLY GARCIA LEMUS,

                        Plaintiff,                    Index No.: 309659/12

    -against-

                                                  **AFFIDAVIT**

RYOBI, and "John Does, Inc.,"
entities presently unknown, intended to
be distributors, suppliers, assemblers,
and repairers of the machine involved in
this matter, and THE HOME DEPOT, INC.

                        Defendants.
----------------------------------------------------------------x

        **MARK A. ROWE**, being duly sworn and aware of the penalties of perjury, states as follows:

        1.     I am General Counsel and Chief Compliance Officer of Techtronic Industries North America, Inc. and its current and former affiliated and subsidiary companies, including One World Technologies, Inc. (hereinafter, "OWT").

        2.     OWT is the designer and manufacturer (through third parties) of "Ryobi" branded table saws, including the one identified in plaintiff's Complaint. OWT is a Delaware corporation with its principal place of business in Anderson, South Carolina.

        3.     OWT has retained Rosario M. Vignali if the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker to appear for, and defend, OWT in this matter. The first time that OWT was served in this matter was when plaintiff's counsel forwarded a copy of plaintiff's Summons and Complaint to Mr. Vignali via e-mail on April 7, 2014.

Dated:        April 9, 2014

Respectfully Submitted,



By: _____

MARK A. ROWE, ESQ.
General Counsel and
Chief Compliance Officer
Techtronic Industries North America, Inc.

_____
Notary Public

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BILLY GARCIA LEMUS,

                Plaintiff,                    Index No.: 309659/12

    -against-

                                            **AFFIDAVIT**

RYOBI, and "John Does, Inc.,"
entities presently unknown, intended to
be distributors, suppliers, assemblers,
and repairers of the machine involved in
this matter, and THE HOME DEPOT, INC.

                Defendants.
-----------------------------------------------------------------x

       **QUINESSA MALCOLM,** being duly sworn and aware of the penalties of perjury, states

as follows:

    1.      I am General Liability – Claims Supervisor at Home Depot USA, Inc. ("Home

Depot") and am authorized to submit this Affidavit on the company's behalf.

    2.      Home Depot is a Delaware corporation with its principal place of business in

Atlanta, Georgia.

    3.      Home Depot authorizes Rosario M. Vignali, Esq., of the law firm of Wilson Elser

Moskowitz Edelman & Dicker, LLC. to represent it in this matter.

    4.      Home Depot was not served in this matter until a copy of plaintiff's Complaint

was sent to Mr. Vignali by plaintiff's counsel via e-mail on April 7, 2014. Home Depot has no

record of being served at any other time.

    5.      Home Depot consents to the removal of this matter to the United States District

Court for the Southern District of New York.

1

Dated:        April 11, 2014

                                        Respectfully Submitted,

                                        By: _____
                                        QUINESSA MALCOLM
                                        General Liability
                                        Claims Supervisor
                                        The Home Depot USA, Inc.

_____
Notary Public